McDANIEL v. JACKSON.

Opinion delivered April 5, 1920.

HUSBAND AND WIFE—LIABILITY OF HUSBAND FOR WIFE'S ACTS.—Where defendant's wife who had leased land to plaintiff retained from the proceeds of the crop a sum which plaintiff asserted she was not entitled to, plaintiff can not recover from defendant the amount so retained, upon the theory that defendant was his wife's agent; the transaction being one where the principal herself acted.

Appeal from White Circuit Court; *J. M. Jackson*, Judge; reversed.

*Brundidge & Neelly*, for appellant.

1. The verdict is contrary to the evidence, and the peremptory instruction should have been given.

2. The court erred in its oral charge to the jury.

3. The court erred in refusing to instruct the jury that, even though they might find that defendant was agent of his wife, yet, if they should find that she.was the owner, then they could not find a verdict for the plaintiff. Under the testimony, the suit was brought against the wrong party; if plaintiff had a cause of action at all,it was against Mrs. L. M. McDaniel, instead of L. J. McDaniel. 2 Clark& Skyles on Agency, § 582; 18 B. Mon. 411; 22 Kan. 405; 61 Minn. 277; 22 Conn. 379; 1 Ch. 344; 10 M. & W. 1; 42 Ind. 106; 67 Ala. 461; 46 N. Y. 70; 8 Mo. App. 373; 71 Mo. 62; 84 *Id.* 578; 11 Ark. 728; 52 *Id.* 433.

*J. N. Rachels*, for appellee.

1. The proof shows no liability of the husband, as the land could not be cultivated. McDaniel was liable whether or not the court erred in instructing the jury. 109 Ark. 554.

2. The husband was acting as the wife's agent and liable. 127 Ark. 530. He transacted all the business, sold all the cotton and collected all the money.

SMITH, J. Appellee made a share crop on land owned by Mrs. L. J. McDaniel. The last cotton was sold and paid for by a check delivered to her, which she cashed. After cashing the check, she retained out of appellee's half of the proceeds the sum of $41.90, and this suit was brought by appellee against the husband of Mrs. L. J. McDaniel for that amount. The suit was brought upon the theory that Mr. McDaniel was his wife's agent, and that he made the contract with appellee under which the crop was grown, and the instructions submitting the case to the jury made McDaniel's liability depend upon the existence of the agency, and these instructions are now

defended upon the ground that Mr. and Mrs. McDaniel were joint tort feasors.

But the suit was neither brought nor tried upon the theory that they were joint tort feasors. The suit is for money had and received. The allegations of the account filed in the justice court, where the suit was commenced, are that McDaniel, in selling the last bale of cotton, had unlawfully retained $41.90 belonging to appellee, and the undisputed testimony is that Mrs. McDaniel was the owner of the land on which the cotton was grown, and that the check had been delivered to her in payment of this cotton.

Testimony was offered to the effect that appellee owed the sum retained as rent on a portion of the land which he had failed to cultivate, and that he had promised to pay that sum in consideration of the agreement on Mrs. McDaniel's part not to put hands in appellee's crop. This testimony, however, was evidently not credited by the jury, as there was a verdict for appellee for the amount sued for, while the instructions told the jury to find for the defendant, if they found there was a failure to cultivate the land or a promise to pay rent for it.

We would, therefore, have no hesitancy in affirming the judgment under the facts stated had the suit been brought against Mrs. McDaniel, instead of her husband. The question presented by the testimony is, not that of the liability of a principal for the act of an agent, but the liability of the agent for the act of the principal. It was Mrs. McDaniel herself who received the check, cashed it, and retained appellee's portion. It is, therefore, immaterial whether McDaniel had previously been his wife's agent or not. In the particular transaction out of which the litigation arises, the principal acted through herself, and not through her husband as agent. So, therefore, the judgment must be reversed, as the suit was not brought against the only person shown to be liable. It is so ordered.